# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRUCE PARKER,

        Plaintiff,

Case Number: 19-12345
Honorable Mark A. Goldsmith

v.

JONATHAN HILDRETH, ET AL.,

        Defendants.

_____/

## ORDER OF PARTIAL DISMISSAL

This is a pro se prisoner civil rights case. Bruce Parker is incarcerated at the Macomb Correctional Facility in New Haven, Michigan. He names five employees of the Michigan Department of Corrections as Defendants, and alleges that Defendants Hildreth, Frangedakis, Loxton, and Churchill, all of whom are corrections officers, retaliated against him for exercising his First Amendment right to file grievances. He also alleges that Defendant Warner failed to adequately supervise the other named Defendants. He seeks declaratory and monetary relief. For the reasons discussed below, the Court dismisses Defendant Warner.

## II. Factual Allegations

Plaintiff's claims arise from grievances filed in relation to a March 30, 2019 incident at the Macomb Correctional Facility. Plaintiff states that, on that date, Defendant Hildreth directed an offensive, sexually explicit remark at Plaintiff. Pl.'s Compl. at 4. The following day, Plaintiff filed a grievance against Defendant Hildreth. See id. Plaintiff

alleges that, shortly after he filed a grievance, Defendant Hildreth entered Plaintiff's cell and destroyed much of his property, including legal mail and religious materials, in retaliation for the filing of a grievance. See id. at 4-5. Defendant Hildreth also wrote Plaintiff a misconduct ticket. See id. at 5.

Plaintiff alleges that, in the several weeks after he filed a grievance, Defendants Frangedakis, Loxton, and Churchill each, separately and on different dates, performed shakedowns of Plaintiff's cell, destroying Plaintiff's legal materials and much of his religious materials, including the Quran. See id. at 5-7. After destroying Plaintiff's religious materials, Defendant Frangedakis warned Plaintiff, "maybe you should think twice about filing … grievances." See id. at 6. Plaintiff alleges that Defendants Loxton and Churchill repeated similar warnings after their destructive shakedowns of his cell. See id. at 6-7. Plaintiff further claims that Defendant Churchill stated that his actions were authorized by Defendant Warner. See id. at 7.

### III. Legal Standard

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010). "In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). While a

complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-556 (2007). In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006)). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable [in] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

### IV. Discussion

Plaintiff fails to state a plausible claim against Defendant Warner. He states that Defendant Warner was "endowed with the responsibility concerning the supervision of correction officers and maintaining prison security." Pl.'s Compl. at 4. Plaintiff alleges

3

that Defendant Warner authorized Defendant Churchill's retaliatory shakedown of Plaintiff's cell. Id. at 7.

The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, see Monell v. Department of Social Services of New York, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." Hays v. Jefferson County, Ky., 668 F.2d 869, 874 (6th Cir. 1982); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) ("[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it.") (internal quotation marks omitted).

Other than a single conclusory allegation and a recitation of Defendant Warner's supervisory authority, Plaintiff fails to allege that Defendant Warner had any direct involvement in the alleged retaliatory conduct or engaged in any "'active unconstitutional behavior'" rather than a "'mere failure to act.'" Shehee, 199 F.3d at 200 (quoting Salehpour v. Univ. of Tenn., 159 F.3d 199, 206 (6th Cir. 1998)). Even if Defendant Warner was aware of the alleged unconstitutional conduct, "simple awareness of employees' misconduct does not lead to supervisor liability." Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir. 2003). Therefore, Plaintiff fails to state a claim against Defendant Warner.

4

## V. Order

The Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against Defendant Warner and he is DISMISSED.

Plaintiff's claims against the remaining Defendants survive the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(B).

SO ORDERED.

Dated: August 20, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 20, 2019.

s/Kristen MacKay  
Case Manager